UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LIBERTY MEDIA CORPORATION, LMC
CAPITAL LLC, LIBERTY PROGRAMMING
COMPANY LLC, LMC USA VI, INC., LMC
USA VII, INC., LMC USA VIII, INC., LMC USA
X, INC., LIBERTY HSN LLC HOLDINGS, INC.,
and LIBERTY MEDIA INTERNATIONAL, INC.,

                *Plaintiffs*,

—against—

VIVENDI UNIVERSAL, S.A., JEAN-MARIE
MESSIER, GUILLAUME HANNEZO, and
UNIVERSAL STUDIOS, INC.,

                *Defendants*.

03 Civ. 02175 (RJH)

**MEMORANDUM OPINION & ORDER**

---

Richard J. Holwell, *District Judge*:

      By an April 23, 2008 motion, the defendants—Vivendi Universal, S.A. ("Vivendi"), Universal Studios, Inc. ("Universal"), Jean-Marie Messier, and Guillaume Hannezo (collectively, "Defendants")— sought dismissal of Liberty Media's state-law claims—Counts I through IV of the Complaint filed by the above-captioned plaintiffs (collectively, "Liberty Media" or "Plaintiffs")—as preempted by the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"), 15 U.S.C. § 78bb(f)(1)(A).  *See* Mem. in Supp. of Defs.' Mot. for Partial J. on the Pleadings ("Defs.' Mem.") (S.D.N.Y. Apr. 23, 2008) (ECF No. 37).  At oral argument on March 2, 2009, the Court denied the Defendants' Motion for Partial Judgment on the Pleadings ("SLUSA Motion") with respect to Liberty Media from the bench, offering a summary rationale for its holding and further explaining that it would "issue an opinion explaining the Court's reasoning" at a future date.  Tr. of Oral Arg. at 142:5–6 (Mar. 2, 2009).  The Court reiterated that

decision in an omnibus pretrial order less than two weeks later.  *See* Order ("March 13 Order") at 1 (S.D.N.Y. Mar. 13, 2009) (ECF No. 82) (expressing the Court's "inten[t] to issue an opinion stating [the] reasons [for denial] at greater length").

In this Memorandum Opinion & Order, the Court endeavors to provide the previously promised written justification for its 2009 bench decision in advance of the trial currently scheduled for May 2012.

## BACKGROUND

In March 2003, the Plaintiffs—Liberty Media Corporation and certain of its subsidiaries—brought an individual action asserting various claims against the Defendants under both federal securities law and state common-law theories.  Two months later, Judge Harold Baer, Jr., of the United States District Court for the Southern District of New York, consolidated the Liberty Media action for pretrial purposes with *In re Vivendi Universal, S.A. Securities Litigation*, No. 02 Civ. 5571 (S.D.N.Y. filed July 18, 2002), a separate securities class action ("Class Action") filed against Vivendi.  *See* Order ("Consolidation Order") (May 13, 2003) (ECF No. 13).  For nearly six years, the cases proceeded as one action.  In the interim, on January 22, 2004, the consolidated action was reassigned to this Court.  *See* Notice of Case Reassignment (Jan. 22, 2004) (ECF No. 21).

On April 23, 2008, the Defendants moved for partial judgment on the pleadings with respect to the state-law claims brought by Liberty Media, as well as those brought by certain other plaintiffs whose cases had been similarly consolidated with the Class Action.  The Defendants argued that, pursuant to SLUSA, 15 U.S.C. § 78bb(f)(1)(A), those state-law claims could not be maintained in either state or federal court because they were part of a "covered class action," as defined by SLUSA, and that the District Court was therefore required to dismiss them

with prejudice.  *See* Defs.' Mem. at 4.  The Plaintiffs responded that their lawsuit was not, in fact, a "covered class action" under SLUSA because their claims and those of the Class Action plaintiffs did not "involv[e] common questions of law or fact," Response to Defs.' Mot. for Partial J. on the Pleadings ("Pls.' Mem.") at 3 (quoting 15 U.S.C. § 78bb(f)(5)(B)(ii)) (internal quotation marks omitted), or, alternatively, because Vivendi had "forgone any right [it] may have had to invoke" SLUSA under theories of estoppel and waiver, *id.* at 15.  After full briefing on the motion, the District Court issued an oral ruling on March 2, 2009—later confirmed in the March 13 Order—granting the Defendants' SLUSA Motion with respect to all other plaintiffs, but denying it with respect to the Liberty Media action.

Despite ruling for the Plaintiffs, the Court did not adopt the Plaintiffs' two leading theories.  Instead, at the hearing, the Court stated that it had determined that consolidation of the Liberty Media action with the Class Action had been "improvidently granted" by Judge Baer "because the issue of SLUSA [preemption] never surfaced . . . at that time."[1]  Tr. of Oral Arg. at 141:19–20 (Mar. 2, 2009).  The Court explained that because Judge Baer had not been presented with the SLUSA issue before consolidating the actions, he did not "have the opportunity to consider the issue of prejudice [to Liberty Media] resulting from an order of consolidation." *Id.* at 141:21–23. Concluding that "the prejudice to Liberty [Media] is of a different degree or caliber than [that to] the other plaintiffs," the Court vacated Judge Baer's Consolidation Order. *Id.* at 142:2–4.  Because the cases were no longer consolidated, the Court—albeit implicitly—determined that the Liberty Media action was no longer arguably part of a "covered class action" under SLUSA, and the Defendants' preemption argument necessarily failed.  The Court then

---

[1] The Plaintiffs briefly discussed severance of their suit from the Class Action in their briefing to the Court on the instant motion.  *See* Pls.' Mem. at 21–25.

— 3 —

promised—both on the record at oral argument, *see id.* at 142:5–6, and by subsequent order, *see* March 13 Order at 1— a written opinion outlining its decision.

## LEGAL STANDARD

Rule 12(c) of the Federal Rules of Civil Procedure provides that "a party may move for judgment on the pleadings" anytime "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). "In deciding a Rule 12(c) motion, [the Court] appl[ies] the same standard as that applicable to a motion under Rule 12(b)(6), accepting the allegations contained in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party." *D'Alessio v. N.Y. Stock Exch.*, 258 F.3d 93, 99 (2d Cir. 2001). The Court "may dismiss the complaint only if 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Burnette v. Carothers*, 192 F.3d 52, 56 (2d Cir.1999) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)); *accord Johnson v. Rowley*, 569 F.3d 40, 44 (2d Cir. 2009) ("To survive a Rule 12(c) motion, [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." (internal quotation marks omitted)).

## DISCUSSION

I. Governing Law

    A. SLUSA

SLUSA's purpose is "to ensure that securities fraud cases are heard only in federal courts and only under federal law." *Xpedior Creditor Trust v. Credit Suisse First Bos. (USA) Inc.*, 341 F. Supp. 2d 258, 264 (S.D.N.Y. 2004); *accord Lander v. Hartford Life & Annuity Ins. Co.*, 251 F.3d 101, 108, 107–08 (2d Cir. 2001) (explaining that SLUSA made "federal court the exclusive venue for class actions alleging fraud in the sale of certain covered securities and by mandating

that such class actions be governed exclusively by federal law"). To that end, the statute provides that "[n]o covered class action based upon the statutory or common law of any State . . . may be maintained in any State or Federal court by any private party alleging . . . a misrepresentation or omission of a material fact in connection with the purchase or sale of a covered security." 15 U.S.C. § 78bb(f)(1). "[F]our conditions must be satisfied to trigger SLUSA's removal and preemption provisions: (1) the underlying suit must be a 'covered class action'; (2) the action must be based on state or local law; (3) the action must concern a 'covered security'; and (4) the defendant must have misrepresented or omitted a material fact or employed a manipulative or deceptive device or contrivance 'in connection with the purchase or sale of' that security." *Dabit v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 395 F.3d 25, 33 (2d Cir. 2005) (quoting 15 U.S.C. 78bb(f)(1)–(2)) (citing *Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 292 F.3d 1334, 1342 (11th Cir. 2002)), *rev'd on other grounds*, 547 U.S. 71 (2006); *accord Romano v. Kazacos*, 609 F.3d 512, 517–18 (2d Cir. 2010) ("Under SLUSA, 'covered class actions' involving 'covered securities' that are filed in state court, invoke state law, and allege securities fraud are removable to federal court, where they are to be dismissed."). As the Supreme Court has noted, "SLUSA does not actually pre-empt any state cause of action"; rather, the statute "simply denies plaintiffs the right to use the class-action device to vindicate certain claims." *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit*, 547 U.S. 71, 87 (2006). As a result, "[t]he Act does not deny any individual plaintiff, or indeed any group of fewer than 50 plaintiffs, the right to enforce any state-law cause of action that may exist." *Id.*

The statute defines its key terms. First, a "covered security" is a security "traded nationally and listed on a regulated national exchange." 15 U.S.C. § 78bb(f)(2). Second, the statute defines a "covered class action" as:

    (i) any single lawsuit in which—

        (I) damages are sought on behalf of more than 50 persons or prospective class members, and questions of law or fact common to those persons or members of the prospective class, without reference to issues of individualized reliance on an alleged misstatement or omission, predominate over any questions affecting only individual persons or members; or

        (II) one or more named parties seek to recover damages on a representative basis on behalf of themselves and other unnamed parties similarly situated, and questions of law or fact common to those persons or members of the prospective class predominate over any questions affecting only individual persons or members; or

    (ii) any group of lawsuits filed in or pending in the same court and involving common questions of law or fact, in which—

        (I) damages are sought on behalf of more than 50 persons; and

        (II) the lawsuits are joined, consolidated, or otherwise proceed as a single action for any purpose.

15 U.S.C. § 78bb(f)(5)(B).

### B. Consolidation

Rule 42 of the Federal Rules of Civil Procedure permits district courts to "join for hearing or trial any or all matters at issue in the actions" or "consolidate the actions" where "actions before the court involve a common question of law or fact." Fed. R. Civ. P. 42(a)(1)–(2); *see Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990) ("Rule 42(a) of the Federal Rules of Civil Procedure empowers a trial judge to consolidate actions for trial when there are common questions of law or fact to avoid unnecessary costs or delay."). "The Rule should be prudently employed as a valuable and important tool of judicial administration[] invoked to expedite trial and eliminate unnecessary repetition and confusion." *Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999) (citations and internal quotation marks omitted).

"The trial court has broad discretion to determine whether consolidation is appropriate," but that "discretion . . . is not unfettered." *Johnson*, 899 F.2d at 1284–85.  Under Second Circuit law, "[a] party moving for consolidation must bear the burden of showing the commonality of factual and legal issues in different actions, and a district court must examine 'the special underlying facts' with 'close attention' before ordering a consolidation.  *In re Repetitive Stress Injury Litig.*, 11 F.3d 368, 373 (2d Cir. 1993) (citation omitted) (quoting *Katz v. Realty Equities Corp.*, 521 F.2d 1354, 1361 (2d Cir. 1975)).  "In assessing whether consolidation is appropriate in given circumstances, a district court should consider both equity and judicial economy."  *Devlin*, 175 F.3d at 130.  However, the Second Circuit has cautioned that "efficiency cannot be permitted to prevail at the expense of justice," *id.*, and therefore consolidation should be considered only when "savings of expense and gains of efficiency can be accomplished without sacrifice of justice," *Consorti v. Armstrong World Indus.*, 72 F.3d 1003, 1007 (2d Cir. 1995), *vacated on other grounds*, 518 U.S. 1031 (1996); *accord In re Brooklyn Navy Yard Asbestos Litig.*, 971 F.2d 831, 853 (2d Cir. 1992) ("The systemic urge to aggregate litigation must not be allowed to trump our dedication to individual justice, and we must take care that each individual plaintiff's—and defendant's—cause not be lost in the shadow of a towering mass litigation."); *Johnson*, 899 F.2d at 1285 ("Considerations of convenience and economy must yield to a paramount concern for a fair and impartial trial."); *Cole v. Schenley Indus., Inc.*, 563 F.2d 35, 38 (2d Cir. 1977) ("Consolidation under Rule 42(a) is a procedural device designed to promote judicial economy, and consolidation cannot effect a merger of the actions or the defenses of the separate parties." (citation omitted)); *Garber v. Randell*, 477 F.2d 711, 714 (2d Cir. 1973) (explaining that "where the claims against, or defenses of, some parties are substantially different from those of others, some may be prejudiced by consolidation"); *see* 8 James Wm. Moore *et al.*,

*Moore's Federal Practice* ¶ 42.10[5][d][i] (3d ed. 2011) ("Consolidation is inappropriate when it will adversely affect the rights of the parties."). Furthermore, the Second Circuit has explained that there is a difference between a consolidation order which "merely requires the parties, in the interest of avoiding needless duplicative expenditure of time and money, to join in common pretrial discovery and preparation," and an order which "goes beyond these permissible objectives to deny a party his due process right to prosecute his own separate and distinct claims or defenses without having them so merged into the claims or defenses of others that irreparable injury will result." *Garber*, 477 F.2d at 716.

Finally, "the court's power to *sever* claims and order *separate* trials is likewise discretionary, requiring it to balance the factors of benefit and prejudice that will result from the alternative courses," and "consolidation and severance are both . . . interlocutory" district-court decisions. *Id.* at 714 (emphases added).

    C. Court's Authority to Vacate Interlocutory Orders

The Second Circuit has stated that "[a] district court has the inherent power to reconsider and modify its interlocutory orders prior to the entry of judgment, whether they be oral[] or written, and there is no provision in the rules or any statute that is inconsistent with this power." *United States v. LoRusso*, 695 F.2d 45, 53 (2d Cir. 1982) (citations omitted); *accord United States v. Washington*, 48 F.3d 73, 79 (2d Cir. 1995) (citing *LoRusso*, 695 F.2d at 53). "Thus, . . . 'so long as the district court has jurisdiction over the case, it possesses inherent power over interlocutory orders, and can reconsider them when it is consonant with justice to do so.'" *LoRusso*, 695 F.2d at 53 (quoting *United States v. Jerry*, 487 F.2d 600, 604 (3d Cir. 1973)); *see* Fed. R. Civ. P. 21 ("The court may also sever any claim against a party.); Fed. R. Civ. P. 42(b) ("For convenience, to avoid prejudice, or to expedite and economize, the court may order a

separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims.").

II. Application

### A. Vacatur of Judge Baer's Consolidation Order

At the March 2, 2009 hearing, the Court vacated the Consolidation Order issued by Judge Baer on May 13, 2003. The Court's decision to vacate the Consolidation Order was appropriate in light of the Court's "inherent power to reconsider and modify its interlocutory orders prior to the entry of judgment," *LoRusso*, 695 F.3d at 53. Because Vivendi never raised the impact of its SLUSA defense on Liberty Media's state-law claims prior to consolidation, Judge Baer did not have the opportunity to consider the prejudice that would result to Liberty Media upon consolidation.[2] Tr. of Oral Arg. at 141:21–23. The Court determined in 2009, and confirms herein, that the prejudice to Liberty Media resulting from consolidation with the Class Action, and subsequent preemption under SLUSA, would be "[in]consonant with justice," *LoRusso*, 695 F.3d at 53. Continued consolidation could result in the loss of the Plaintiffs' state-law claims in their entirety. In addition, the Plaintiffs would suffer even further prejudice, for they would be forced to "litigate any statute-of-limitations and tolling issues raised by re-filing its claims in state court." Pls.' Mem. at 21 n.9; *see Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993). And, in the Court's judgment, forcing the parties to litigate the state-law claims in state court, while continuing to press the federal claims in federal court—particularly given the complexity of the issues and the parties' requirement for an estimated three-month trial—would be a most unwise and inefficient use of judicial resources. In effect, then, consolidating the instant suit with the class action, without consideration of the SLUSA issue, "impermissibly merge[d] the rights or defenses of the various parties," *Katz v. Realty Equities Corp. of N.Y.*, 521

---

[2] Indeed, Vivendi did not raise its SLUSA defense for more than four years after Judge Baer's Consolidation Order.

F.2d 1354, 1359 (2d Cir. 1975); consequently, the Court again concludes that consolidation in this matter was "improvidently granted" by Judge Baer "because the issue of SLUSA [preemption] never surfaced . . . at that time," Tr. of Oral Arg. at 141:19–20.  The Consolidation Order, therefore, is vacated as to the Plaintiffs.  *See Turturoo v. Cont'l Airlines*, 334 F. Supp. 2d 383, 387 (S.D.N.Y. 2007) (discussing a district court's "broad latitude in fashioning an order of consolidation").

       B. Vivendi's Motion for Judgment on the Pleadings

       In their briefing to the Court on Vivendi's motion, the parties focused their principal arguments on, principally, whether Liberty Media's case, as consolidated with the Class Action, met the definition of "covered class action" in 15 U.S.C. § 78bb(f)(5)(B).  But the Court's vacatur of the Consolidation Order rendered those arguments largely moot, for the simple reason that because Liberty Media's suit was no longer consolidated with the Class Action, it could not be considered part of such a class action—by definition.  Vivendi's motion for partial judgment based on SLUSA preemption, then, must be denied.

       Vivendi now argues that the Court's oral ruling in 2009 "created" an "exception" to SLUSA that does not "exist[] in the statute," Letter from Paul C. Saunders to Court at 2 (July 12, 2011), contravening the Supreme Court's conclusion that it is "inappropriate for courts to create additional, implied exceptions" to SLUSA, *Dabit*, 547 U.S. at 87–88.  But the Court has not rendered any interpretation as to SLUSA beyond the limited and uncontested ruling that Liberty Media's suit—severed from the Class Action—no longer qualifies as a "covered class action" for the purposes of the statute.  SLUSA's "covered class action" definition speaks in the *present* tense, *see* 15 U.S.C. § 78bb(f)(5)(B) (defining a "covered class action" to include a "group of lawsuits" that "*are* joined, consolidated, or otherwise proceed as a single action for any purpose"

(emphasis added)), strongly rebutting any argument that consolidation *per se*—even when followed by vacatur of such consolidation—brings an action within the statutory definition. The Court is satisfied that its vacatur of the Consolidation Order did not "create" a SLUSA exemption, and that denial of Vivendi's motion must follow.

## CONCLUSION

For the reasons stated herein, Vivendi's motion for partial judgment on the pleadings [37] is DENIED.

**SO ORDERED.**

Dated: New York, New York
       January 31, 2012

_____
Richard J. Holwell
United States District Judge

— 11 —